RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED ✓-1
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. M
DATE 1-13-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
RAVEN PRODUCTS INC.,                )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )   Civil Docket No.:
                                    )
MANSFIELD PLUMBING PRODUCTS, LLC.,  )
                                    )
        Defendants.                 )
_____)

MAGISTRATE JUDGE _____

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiffs, RAVEN PRODUCTS, INC. formerly doing business as Raven Sales Co. LTD. ("Raven") (collectively "Plaintiffs"), through their attorneys and for their Complaint for Injunctive and Other Relief against Defendant, MANSFIELD PLUMBING PRODUCTS, LLC ("Mansfield"), state as follows:

### NATURE OF ACTION

This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.*, stemming from Mansfield's selling, offering to sell, making, having made and/or importing into the United States goods that infringe U.S. Patent No. D 474, 262 (the "'262 Patent") (Exhibit A).

### THE PARTIES

1.      Plaintiff Raven is a company which is organized and existing under the laws of the State of Massachusetts, has a principal place of business at 173 Flanders Road, Westboro, Massachusetts.

2. Upon information and belief, Mansfield is a corporation which is organized and existing under the laws of the State of Delaware, has a principal place of business at 150 East First Street, Perrysville, Ohio, and also has representatives who maintain a place of business within this District.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 1331, 1332 and 1338(a) in that this matter arises under an Act of Congress relating to patents.

4. This Court has personal jurisdiction over Mansfield pursuant to Mass. Gen. Laws ch. 223A, § 3 in that Mansfield committed the act complained of herein in the Commonwealth of Massachusetts, transacts business within Massachusetts and/or because a substantial part of the events giving rise to Raven's claims occurred within Massachusetts.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), in that Mansfield engaged in acts of infringement within this District, which acts are the subject matter of this action.

## COUNT I

(Patent Infringement of U.S. Patent No. D474, 262)

6. Raven repeats and realleges the allegations of paragraphs 1 through 6 above, as if fully set forth herein.

7. Raven is the owner, by assignment, of all rights, title and interest in and to the '262 Patent, entitled Quick Opening Cock (also known as a "Boiler Drain Valve"), which was issued by the United States Patent and Trademark Office on May 6, 2003.

8. Without permission or license from Raven, Mansfield has made, is making, has sold, is selling, has offered for sale, is offering to sell, has imported, and/or is importing into the United States, within this judicial district and elsewhere, products, including, *inter alia*, Boiler

2

Drain Valves having a design as depicted in Exhibit B, that infringe the '262 Patent, in violation of 35 U.S.C. § 271.

9. In selling and offering for sale its infringing products, Mansfield has undercut Raven's pricing of Raven's patented Boiler Drain Valves and has eroded the price of the patented Boiler Drain Valves sold by Raven.

10. Mansfield has been given notice of its infringement, by letter dated October 15, 2003 (Exhibit C) as prescribed by 35 U.S.C. § 287(a).

11. Upon information and belief, Mansfield will continue to infringe the '262 Patent unless and until enjoined from doing so by this Court. Raven has been damaged by Mansfield's infringing acts. Raven has suffered and is suffering irreparable injury because of Mansfield's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an Order and Judgment, in their favor and against Defendants:

(a) pursuant to 35 U.S.C. § 283, preliminarily and permanently enjoining Mansfield and its parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, attorneys and all persons in active concert or participation with them, from making, causing to be made, selling, offering to sell and/or importing into the United States any goods that infringe the '262 Patent;

(b) pursuant to 35 U.S.C. § 284, ordering Mansfield to pay Raven the damages that Raven has respectively incurred as a result of the acts complained of herein;

(c) pursuant to 35 U.S.C. § 289, awarding Raven all of Mansfield's total profit made from the sale, offer for sale, making, having made, and/or importation into the United States of Boiler Drain Valves that are deemed to infringe the '262 Patent;

(d) pursuant to 35 U.S.C. § 285, awarding Raven reasonable attorneys' fees as a result of the acts complained of herein;

(e) awarding Raven its interest and costs regarding this action; and

(f) awarding Raven such other relief that this Court deems just and fit.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Respectfully submitted,

RAVEN PRODUCTS INC.

*[signature]*

Emily R. Donovan (BBO# 632867)
SEYFARTH SHAW, LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-4935
Facsimile: (617) 946-4800

Of Counsel:

Alan L. Unikel
David L. Newman
SEYFARTH SHAW LLP
Attorneys for Plaintiff
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
Telephone: (312) 346-8000
Facsimile: (312) 269-8869

DATED: January 14, 2004

CH1 10622623.3